This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: February 19, 2026**

**No. S-1-SC-40730**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner/Cross-Respondent,

v.

**MARIO URQUIDI-MARTINEZ,**

Defendant-Respondent/Cross-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Mary Marlowe Sommer, District Judge**

Raúl Torrez, Attorney General
Teresa M. Ryan, Assistant Solicitor General
Santa Fe, NM

for Petitioner/Cross-Respondent

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Appellate Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Respondent/Cross-Petitioner

**DECISION**

**ZAMORA, Justice.**

**{1}** Defendant Mario Urquidi-Martinez was convicted on three counts of criminal sexual penetration (CSP) contrary to NMSA 1978, Section 30-9-11 (2009). The Court of Appeals vacated two of his convictions on double jeopardy grounds. *See State v. Urquidi-Martinez*, 2025-NMCA-028, ¶¶ 1, 33, *cert. granted* (S-1-SC-40730, Feb. 11,

2025). Upon the grant of the State's petition for certiorari, the State asks that this Court reverse the Court of Appeals and reinstate the two vacated convictions.

**{2}** The State argues that when a defendant is convicted of committing CSP in more than one way as listed in Section 30-9-11(A), it is not a violation of the defendant's right against double jeopardy to subject that defendant to more than one punishment. To that end, the State urges this Court to adopt the following rule:

> In a prolonged sexual assault, if the evidence shows that CSP is committed [in more than one way as listed in Section 30-9-11(A)]—and further shows that none of [the] acts was merely incidental to another—then the perpetrator is subject to [multiple] punishments.

For the reasons set forth below, we decline to adopt the State's proposed rule and hold that the evidence supports two of Defendant's CSP convictions under our existing double jeopardy framework. Accordingly, we reverse the Court of Appeals as to one of Defendant's convictions for third-degree CSP. We otherwise affirm.

## I.   BACKGROUND

**{3}** We exercise our discretion to resolve Defendant's appeal by nonprecedential decision, and limit our recitation of the facts accordingly. *See* Rule 12-405(B) NMRA.

**{4}** Defendant and Victim were co-workers and went out for drinks one night after work. After telling Defendant that she did not want to have sex, Victim blacked out in Defendant's car and only remembers parts of the rest of the evening. Victim remembers coming to in the back seat of Defendant's car with his face in her genital area, and seeing her car in the rear-view mirror. She remembers waking up later, still in the back seat of Defendant's car, but this time parked in the Whole Foods parking lot. Finally, she remembers Defendant in the back seat of the car with her, penetrating her with his fingers. The State also presented evidence that Defendant caused Victim to engage in intercourse, though there was no evidence as to where or when this occurred.

## II.   DISCUSSION

**{5}** On appeal to this Court the State contends that the Court of Appeals erred in vacating two of Defendant's three CSP convictions on double jeopardy grounds. "A double jeopardy challenge is a constitutional question of law which we review de novo." *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747.

**{6}** Both the United States and New Mexico Constitutions provide that "No person shall be . . . twice put in jeopardy" for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. Because Defendant was convicted of three counts of CSP based on a single course of conduct under Section 30-9-11, this presents a unit of prosecution double jeopardy issue. *See Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223 ("In [unit of prosecution] cases the defendant has been charged with multiple violations of a single statute based on a single course of conduct.").

**{7}**     In unit of prosecution cases, we engage in a two-step analysis. First, we "analyze the statute at issue to determine whether the Legislature has defined the unit of prosecution." *Swick*, 2012-NMSC-018, ¶ 33. If the statute clearly defines the unit of prosecution, the course of conduct is considered in terms of that unit of prosecution. *Id.*

**{8}**     If the unit of prosecution is ambiguous, we turn to the second step of the analysis in which we consider "whether a defendant's acts are separated by sufficient indicia of distinctness to justify multiple punishments" under the same statute. *Id.* (internal quotation marks and citation omitted.) "To determine whether a defendant's acts are sufficiently distinct, we consider the *Herron* factors." *State v. Phillips*, 2024-NMSC-009, ¶ 12, 548 P.3d 51 ("The six *Herron* factors serve as a general policy for examining distinctness." (brackets, internal quotation marks and citation omitted)); *see Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624. Those factors are:

> (1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) defendant's intent as evidenced by his conduct and utterances; and (6) number of victims (although not relevant here, multiple victims will likely give rise to multiple offenses).

*Id.*

## A.     Section 30-9-11 is Ambiguous as to the Unit of Prosecution

**{9}**     This Court held in *Herron* that Section 30-9-11 is ambiguous as to the unit of prosecution. *Herron*, 1991-NMSC-012, ¶ 8. While the State does not suggest that *Herron* should be overturned, it puts forth arguments similar to those addressed in *Herron* and argues that Section 30-9-11 is not ambiguous.

**{10}**     The State claims that the different acts identified in the statute each constitute their own unit of prosecution. Section 30-9-11(A) reads:

> Criminal sexual penetration is the unlawful and intentional causing of a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission.

To support its argument that the unit of prosecution is not ambiguous, the State points to the fact that the statute lists each act by name, and includes the connector "or" to identify the ways in which CSP may be committed. Additionally, the State points to inherent differences between two of the acts, namely sexual intercourse and cunnilingus, how they are performed, and the harms they may inflict.

**{11}** The State's analysis ignores and misinterprets *Herron*. In *Herron* this Court held that the language of Section 30-9-11(A), which has not changed since *Herron* was decided, "does not indicate unambiguously whether the [L]egislature intended . . . to create a separate offense for each penetration occurring during a continuous sexual assault." *Herron*, 1991-NMSC-012, ¶ 8. This Court also considered the legislative and statutory history and found no further guidance as to the intended unit of prosecution. *Id.*

**{12}** The State also argues that the holding in *Herron* that each act of penetration must be "in some sense distinct from the others," along with the conclusion that the penile-vaginal penetration, penile-anal penetration, and fellatio at issue in that case were separate acts, indicate that the unit of prosecution may be based on the different acts identified in the statute. *Id.* ¶¶ 15, 21. Further, the State argues that cunnilingus by its nature is "in some sense distinct from" the other acts listed in the statute. *Id.* ¶ 15. This is a misreading of *Herron*. The requirement that "each act of penetration is in some sense distinct from the others" is followed immediately by the identification of the six factors to be used "[i]n determining whether an act is distinct." *Id.* One of the six factors listed is "sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetration of the same orifice, tend to establish separate offenses)." *Id.* Penile-vaginal penetration, penile-anal penetration, and fellatio are all penetrations of different orifices. In *Herron* this Court highlighted that fact in concluding that they amounted to distinct offenses in that case. *Id.* ¶ 21 ("The serial penetrations of these different orifices and the protracted nature of the defendant's conduct establish, as a matter of law, three distinct offenses."). Cunnilingus is not always a penetration of a different orifice, and is not always a separate offense, unless it is shown to be distinct according to the *Herron* factors. Courts are to use the *Herron* factors to determine whether offenses are separate and distinct on a case by case basis.

**{13}** *Herron* remains good law, and despite the State's argument otherwise, Section 30-9-11 is ambiguous as to the unit of prosecution.

**B.** **We Continue to Use the *Herron* Factors to Evaluate the Distinctness of Acts in Unit of Prosecution Double Jeopardy Cases**

**{14}** Having concluded that the statute is ambiguous as to the unit of prosecution, we move on to the second step of the double jeopardy analysis: determining whether Defendant's "acts are separated by sufficient indicia of distinctness." *Phillips*, 2024-NMSC-009, ¶ 12 (internal quotation marks and citation omitted).

**{15}** The State proposes that we adopt the following rule:

> In a prolonged sexual assault, if the evidence shows that CSP is committed by sexual intercourse, cunnilingus, and digital-vaginal penetration—and further shows that none of these acts was merely incidental to another—then the perpetrator is subject to three punishments.

This rule goes against our established double jeopardy analysis.

**{16}** The State asks that we allow multiple punishments when it shows that none of the acts are "merely incidental to another," rather than the current requirement of showing that the "acts are separated by sufficient indicia of distinctness." *See Phillips*, 2024-NMSC-009, ¶ 12 (internal quotation marks and citation omitted) ("The second step [in our unit of prosecution analysis] requires us to 'determine whether a defendant's acts are separated by sufficient indicia of distinctness to justify multiple punishments under the same statute.'" (quoting *State v. Ramirez*, 2018-NMSC-003, ¶ 56, 409 P.3d 902)). The State provides no guidance as to how courts should determine whether an act is "merely incidental to another." There is no indication in the briefing as to what "incidental" means, or where that language comes from. In the absence of such guidance, the State asks us to adopt a rule that would replace an existing, workable, framework, without showing that there is a problem with that framework.

**{17}** The State claims that its proposed rule fits within our existing framework and therefore does not analyze the factors this Court considers in overturning precedent. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 34, 125 N.M. 721, 965 P.2d 305 (identifying the factors this Court considers before overturning precedent). However, by adopting the State's proposed rule, we would be replacing our long-standing framework with a new test, effectively overruling the existing framework. As the parties have not made a case for us to reconsider precedent by applying the factors relevant to a stare decisis analysis, we decline to do so.

**{18}** Again, *Herron* remains good law. The State's proposed rule does not fit within the existing framework, and we decline to adopt a new rule without argument as to why the existing framework should be reconsidered.

**C.    The Evidence Supports Two of Defendant's Three CSP Convictions Under** *Herron*

**{19}** Defendant was convicted of three counts of CSP. The State presented evidence that Defendant performed cunnilingus on Victim, digitally penetrated Victim's vagina, and caused her to engage in intercourse. Although there was no evidence as to when the intercourse occurred, there was specificity as to the cunnilingus and the digital penetration. It is undisputed that Defendant performed cunnilingus on Victim while they were parked in front of Victim's car. Then, Defendant digitally penetrated Victim sometime after Defendant drove them to the Whole Foods parking lot.

**{20}** At trial Victim testified that she came to in the back seat of Defendant's car parked in the Whole Foods parking lot. When she came to, Defendant was speaking to someone on the phone. Defendant hung up the phone and asked Victim if she had any cash. Victim testified that she had cash in her pants but did not know where her pants were. Then the following exchange occurred:

> [Prosecutor:] Did you eventually find your pants?

[Victim:]        Yes.

[Prosecutor:] And what happens next, Miss?

[Victim:]        I get dressed because he tells me to get dressed. I'm guessing that this person that he was talking to was coming.

[Prosecutor:] Now you said your pants were off, did you have any other clothes off?

[Victim:]        No.

[Prosecutor:] All right. What's the next thing you remember?

[Victim:]        I remember him being in the back seat with me, behind me, and his arm around my neck.

[Prosecutor:] Was he choking you?

[Victim:]        No.

[Prosecutor:] No. And what was he doing with his hands? His other hand, once his arm is around your neck.

[Victim:]        They were in my private parts.

The language used by the prosecutor, "What's the next thing you remember?" and Victim's response indicates that Defendant was behind her, digitally penetrating her, sometime after she found her pants in the Whole Foods parking lot.

**{21}**    The sequence of events provided by this portion of the testimony is: Defendant performed cunnilingus on Victim. She blacked out, and Defendant drove to Whole Foods. Victim came to in the back seat of Defendant's car in the Whole Foods parking lot while Defendant was on the phone. Defendant got off the phone, asked Victim if she had any cash, and told her to get dressed. Victim found her pants and got dressed. Sometime later, though it is unclear when, Victim remembered Defendant behind her, "fingering" her. At some point after Victim got dressed, Defendant drove them to the Sage Inn, where Victim's sister ultimately picked her up. Based on Victim's testimony the "fingering" occurred sometime between her getting dressed at Whole Foods, and her sister picking her up at the Sage Inn.

**{22}**    To separately punish each penetration in a continuous attack, or to determine whether different acts of CSP amount to one continuous or multiple separate attacks, *Herron* requires "proof that each act of penetration is in some sense distinct from the others." 1991-NMSC-012, ¶ 15. Here, while it is unclear exactly when the digital penetration occurred, Victim's testimony sufficiently distinguishes the digital penetration

from the cunnilingus. Three of the six *Herron* factors provide support for the distinction: "(1) temporal proximity," "(2) the location of the victim," and "(3) existence of an intervening event." *Id.* Defendant performed cunnilingus on Victim while they were parked in front of her car, he then drove them to the Whole Foods parking lot where he took a phone call, and then to the Sage Inn. Sometime after driving to the Whole Foods parking lot and taking a phone call, but before Victim's sister picked her up at the Sage Inn, Defendant digitally penetrated Victim. This is sufficient to distinguish the two penetrations under *Herron*. *Id.* ("Except for penetrations of separate orifices with the same object, none of these factors alone is a panacea, but collectively they will assist in guiding future prosecutions.").

## III.  CONCLUSION

{23}  Defendant committed two distinct acts of CSP. Therefore, we reverse the Court of Appeals as to one count of third-degree CSP, order that count be reinstated, and remand to the district court for further proceedings consistent with this decision. We otherwise affirm.

{24}  IT IS SO ORDERED.

BRIANA H. ZAMORA, Justice

WE CONCUR:

DAVID K. THOMSON, Chief Justice

MICHAEL E. VIGIL, Justice

C. SHANNON BACON, Justice

JAROD K. HOFACKET, Judge
Sitting by designation